UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES REED, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOUGLAS WEBER, Warden, )<br>South Dakota State Penitentiary, )<br>DR. MELVIN WALLINGA, and )<br>GERALD BRADFORD, Inmate, )<br>)<br>Defendants. ) | Civ. 10-4069-KES<br><br>ORDER DISMISSING<br>PLAINTIFF'S COMPLAINT |

Plaintiff, James Reed, is an inmate at Mike Durfee State Prison. He brings this pro se suit under 42 U.S.C. § 1983 against Douglas Weber, Warden of the South Dakota State Penitentiary, Dr. Melvin Wallinga, and Gerald Bradford, a fellow inmate.

This court "screens" this case pursuant to 28 U.S.C. § 1915A, and finds that Reed's claims must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because this court finds that Reed fails to state a claim upon which relief may be granted, this court dismisses these claims without first requiring the exhaustion of administrative remedies. 42 U.S.C. § 1997e(c).

**STANDARD OF REVIEW**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and

conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

Reed's complaint asserts the following six grounds for relief:

1) Prison conditions (attack by other inmate);
2) Malicious treatment (inadequate medical care);
3) Conspiracy/corrupt influencing;
4) Discriminatory nature and harassment by prison official;
5) Method of deprivation/contempt proceedings; and
6) Obstruction of justice/securities violations.

Docket 1, Complaint. Reed has attached a "common law criminal complaint" to his complaint. This document reveals that a fellow inmate, defendant Gerald Bradford, pinned him to a door with his motorized wheelchair, injuring Reed and knocking him unconscious. Further, Reed asserts he did

not receive medical attention until two days after the incident. Reed, however, pleads no facts in support of his other four claims.

Reed requests the following relief: entry of a permanent protective order against defendant Gerald Bradford and Raymond B. Hammon, another inmate; $700,000 in damages for emotional distress, pain and suffering, and long-term medical expenses; punitive damages in an unspecified amount; and entry of an order directing that he be given an MRI and full body CAT scan.

**I.     Defendant Gerald Bradford**

Reed names Gerald Bradford, another inmate, as a defendant. Reed's "common law complaint" attempts to charge Bradford with reckless driving, aggravated assault, and vehicular battery for the motorized wheelchair assault. "Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion." *Smith v. Powers*, No. 98-1832, 1998 WL 355818 (N.D. Cal. June 18, 1998) (prisoner § 1983 lawsuit requesting criminal charges against jailer dismissed on screening). *See also United States v. Batchelder*, 442 U.S. 114, 124 (1979). If a party believes criminal charges are appropriate, the federal district court is not the proper entity to initiate those proceedings. *Smith*, 1998 WL 355818 at n.1. Reed 's request for state criminal charges

against Bradford requests relief that this court does not have the authority to grant.

Reed also asks that this court enter a permanent protective order against Bradford and another inmate, Raymond Hammon, who is not named as a defendant. It is unclear whether this is sought as a part of the "common law criminal complaint" or in conjunction with Reed's § 1983 action. If the protective order is sought in conjunction with the criminal complaint, this court does not have the authority to bring state criminal charges or enter a protective order in connection with those charges.

Reed may be seeking the protective order in conjunction with his § 1983 claim. In order to state a claim under § 1983, a plaintiff must establish that the defendant acted under color of state law. Reed has not alleged sufficient facts to demonstrate that Bradford or the other inmate (Hammond) were acting under color of state law at the time of the alleged assault. There is no indication that Bradford was carrying out a specific order of a corrections officer or that he was granted authority over other inmates. *See Pearl v. Dobbs*, 649 F.2d 608, 609 n.1 (8th Cir. 1981) (noting an inmate who was carrying out officer's order or was granted authority over other inmates would act under color of state law for purposes of § 1983); *United States ex. rel. Twomey*, 479 F.2d 701, 719 (7th Cir. 1973) (finding an inmate who assaulted another inmate was not liable under § 1983), *cert.*

*denied*, 414 U.S. 1146 (1974). Rather, the motorized wheelchair attack appears to be a common law tort. Therefore, Reed fails to state a claim upon which relief may be granted under § 1983 against Bradford.

## II. Failure to Protect

A liberal reading of Reed's complaint reveals he is alleging that prison officials violated the Eighth Amendment's prohibition on cruel and unusual punishment by failing to protect him from the motorized wheelchair attack. "Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. In order to prevail on a failure to protect claim, a prisoner must demonstrate two things. First, he must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Spruce v. Sargent*, 149 F.3d 783, 785 (8th Cir. 1998). Second, an inmate must demonstrate that prison officials were deliberately indifferent to that risk. *Id.* "Deliberate indifference requires a showing that the official knew the risk existed, but disregarded it." *Farmer*, 511 U.S. at 837.

Reed has alleged no facts relating to his conditions of incarceration and the risks created by them. He asserts that the assault occurred in

6

Harmon Hall at around 6:30- 7 p.m., but he does not state the surrounding circumstances of the incident. He has not asserted whether guards or other inmates were present, nor has he described the conditions at Mike Durfee State Prison. Reed does state: "Raymond B. Hammon is the Defendant [sic] [Bradford's] runner and has done his dirty work. Many elders and disabled inmates are afraid of them." Docket 1, Complaint. Even taking this fact as true, it is insufficient to support a failure to protect claim. Reed has not alleged any awareness of a risk on the part of prison officials, much less a deliberate disregard of such a risk. *See Rollie v. Kemna*, 124 Fed. Appx. 471, 474 (8th Cir. 2005) (holding inmate who alleged prison officials knew of assaults caused by policy yet did nothing and falsified reports to cover up assaults had stated a failure to protect claim). Because Reed has not alleged official knowledge and subsequent disregard of a risk, he has failed to state a failure to protect claim.

III. **Indifference to Medical Needs**

Reed also alleges prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Eighth Circuit has interpreted this standard to mean that a plaintiff must demonstrate: "(1) that he suffered

from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

First, Reed must demonstrate that he had a serious medical need. Reed was knocked unconscious when his head hit the wall at around 6:30 p.m. on Saturday, May 15, 2010. He has no memory of the length of time he was unconscious, but he does remember "Cpl. Voyles approaching [him] to cuff [him] up and he placed [him] in SHU" at around 11 p.m. Docket 1, Affidavit in Support of Common-Law Criminal Complaint, ¶¶ 5-6. A head injury that knocks a person unconscious would qualify as a serious medical need.

The next issue is whether prison officials knew of but deliberately disregarded Reed's serious medical need. Reed states that despite his requests, and continued pain, he did not receive medical treatment until Monday, May 17. These requests would indicate that prison officials knew Reed had been injured and knocked unconscious. These facts are sufficient to demonstrate that knowledge on the part of prison officials. But Reed must also demonstrate deliberate indifference by prison officials. Reed must

show prison officials "knew of, yet disregarded an *excessive* risk to his health." Logan v. Clarke, 119 F.3d 647, 650 (8th Cir. 1997) (emphasis added). It unclear whether Reed is arguing that the method of treatment or the delay in treatment violated the Eighth Amendment. Because pro se complaints are broadly construed, this court addresses both arguments.

Reed does not specifically argue that this treatment was inadequate, but part of the relief he seeks is for this court to order that he be given an MRI and a full body CAT scan. Reed also asserts that when he received treatment, "the only thing they did was give me ibuprofen and charge me for it $3.69." Docket 1, Exhibit A, Sick Call Receipt.[1] Taken together, these statements are construed as a claim that the treatment he received was inadequate. "To state a claim based on inadequate medical treatment . . .the plaintiff must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Langford v. Norris, No. 09-1862, 2010 WL 28135551, at *10 (8th Cir. July 20, 2010) (citing Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)). Reed has not alleged more than what may amount to negligence or disagreement with the course of treatment. He was seen twice, on May 17 and May 20, for his injuries. Prison nurses gave him

---

[1] A medical order included in Exhibit A also indicates Reed was prescribed more ibuprofen on May 20 and excused from work for two days.

pain relievers and excused him from work. Docket 1, Exhibit A. The fact that he was not given an MRI or CAT scan, as he might have been given by a private doctor, does not "reflect deliberate indifference to his medical needs." *Logan*, 119 F.3d at 650. Accordingly, Reed has not stated a claim for deliberate indifference based on the treatment he received.

Reed also asserts that the nearly two day delay between the time he was knocked unconscious and the time he received medical treatment violates the Eighth Amendment. "When . . . delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). Reed argues he was in pain during the time his injury went untreated, but he asserts no other ill effects from the delay in treatment. While he likely should have been examined sooner, Reed has not demonstrated that he was harmed by the delay, as is required for a deliberate indifference claim. Where pain or discomfort is the sole effect of a delay in treatment, an inmate fails to state a deliberate indifference claim. *Williams v. Dept. of Corrections*, 208 F.3d 681, 682 (8th Cir. 2000) (affirming dismissal on screening of deliberate indifference claim where only ill effect from delay in treatment was burning sensation for 10 hours).

Finally, Reed fails to assert that Wallinga was involved in the perceived wrongs against him. "Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under § 1983." *Ellingburg*, 490 F.2d at 1271. At the very least, a complaint must contain facts that state a claim as a matter of law and give the court an idea of what acts the individual defendants are accused of that could result in liability. *Frey*, 44 F.3d at 671-72. Reed's complaint does not meet even these minimal standards.

**IV.    Remaining Claims**

Reed pleads no facts in support of his final four claims. Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone*, 364 F.3d at 914. Reed's final four claims for "conspiracy and corrupt influencing, discriminatory nature and harassment by prison official, method of deprivation/contempt proceedings, and obstruction of justice/securities violations" are conclusory allegations. Even according Reed's complaint the liberal treatment given to pro se civil rights pleadings, these four claims fail to state a claim upon which relief may be granted.

**V.    Reed's Filing Fees**

If Reed's suit had been allowed to proceed and he prevailed on the merits, he would have been entitled to recover the filing fee. Both the

legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 n.5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

*Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995). *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full amount of the filling fee ($350), therefore, remains due.

Dismissal of this lawsuit will be considered Reed's first "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## CONCLUSION

For the reasons stated above, Reed has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, it is hereby:

ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

Dated August 23, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE