UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

|  |  |
|---|---|
| JAMES REED,<br><br>   Plaintiff,<br><br> vs.<br><br>DOUGLAS WEBER, Warden,<br>South Dakota State Penitentiary,<br>DR. MELVIN WALLINGA, and<br>GERALD BRADFORD, Inmate,<br><br>   Defendants. | Civ. 10-4069-KES<br><br><br>ORDER DENYING RELIEF |

Plaintiff, James Reed, moves for reconsideration of the pre-service dismissal of his § 1983 complaint. Because pro se filings are to be liberally construed, *Smith v. Hundley*, 190 F.3d 852, 855 n.7 (8th Cir. 1999), this court will treat his motion as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On August 23, 2010, this court dismissed Reed's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 9.

Rule 60(b) provides that a court may relieve a party from a final judgment and reopen his case for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2)    newly discovered evidence, that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)    the judgment is void;

(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The only grounds that could apply here are contained in Rule 60(b)(6): "any other reason that justifies relief."

"Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Relief under this rule is "exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.' " *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 868 (8th Cir. 2007) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). "Exceptional

circumstances are not present every time a party is subject to potentially unfavorable consequences as the result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

Reed asserts multiple grounds in support of his motion. See Docket 11. First, he states that his original complaint was "filed with the assistance of another inmate who has since been moved for disciplinary reasons." *Id.*[1] Second, he "does not have a copy of any of his original documents, as this inmate took all his paperwork with him when he left." *Id.* Reed also asserts that he made "several attempts to have his legal papers returned to him with no success." *Id.* He complains that this inability to retrieve his legal papers amounts to a deprivation of due process by prison officials. *Id.* Reed asserts that because the inmate who was assisting him left, he has been doing some research on his own and if this court grants his motion, he will file a proper amended complaint. *Id.* Reed also seeks copies of his complaint and the other documents he filed from the court. *Id.*

---

[1] A review of the docket in this case reveals that the inmate in question is Willie Reed, IV. *See* Docket 5, Letter from Willie Reed IV re: Legal Assistance/Notification for Plaintiff. This court is familiar with Willie Reed, IV, who is a frequent litigant. He has been assessed "strikes" under the in forma pauperis statute in the following cases: 10-4010, 10-4026, 10-4068, and 10-5001. But he has filed a total of six lawsuits, including an inmate class action currently pending before this court.

Even if Reed's pleading are given liberal construction accorded to pro se filings, he does not demonstrate extraordinary circumstances. The fact that his jailhouse lawyer was moved for disciplinary reasons is insufficient to overturn a final judgment. Reed states that the other inmate was moved after the complaint had been filed. He had his assistance in drafting his complaint, although it was inadequately pleaded to survive initial review under 28 U.S.C. § 1915. It is unclear whether Reed is asserting it was inadequate to survive § 1915 review due to his legal assistance; however, if he is, that fact would not be an extraordinary circumstance meriting relief under Rule 60(b)(6). *See Lager v. Caspari*, 16 F.3d 1227 (8th Cir. 1994) (rejecting claim in a pro se motion that appointed counsel's failure to respond to a motion for summary judgment, leaving claimant essentially unrepresented, merited relief under Rule 60(b)(6)). Moreover, Reed may not substitute a Rule 60(b) motion for a direct appeal. *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004). Reed states that if this court were to grant his motion and reopen his case, he would file a proper amended complaint. This does not justify the "exceedingly rare relief" of disturbing a final judgment. Nothing prevents Reed from investigating his claims and refiling his suit. Moreover, Reed's attempts to have his legal papers returned are

more appropriately addressed through the prison's internal grievance system instead of through this motion. Accordingly, it is

ORDERED that plaintiff's motion for relief from judgment (Docket 11) is denied.

Dated October 28, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE